# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA NELSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br>STANDARD INSURANCE COMPANY, an Oregon company; COUNTRYWIDE FINANCIAL CORPORATION GROUP LONG TERM DISABILITY PLAN; COUNTRYWIDE FINANAICAL CORP., and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 13cv188-WQH-MDD<br><br>ORDER |

HAYES, Judge:

On July 17, 2013, the Court granted the motion to dismiss filed by Defendants, dismissed the Complaint without prejudice, and permitted Plaintiff to file a motion for leave to file a first amended complaint accompanied by the proposed first amended complaint. (ECF No. 23).

On August 15, 2013, Plaintiff filed a Motion for Leave to File a First Amended Complaint. (ECF No. 24). Plaintiff states:

> Plaintiff intends to add no defendants in this matter. Generally, the Proposed First Amended Complaint clarifies and adds further facts and circumstances concerning the allegations against defendants based on the alleged failure to recognize and apply the provisions of California Insurance Code Section 10144. These claims are raised in the First Amended Complaint and all alleged on behalf of the class. Plaintiff

> alleges she was charged a higher premium rate, and denied full or limited access to disability coverage without the required sound actuarial evidence.
>
> The Proposed First Amended Complaint also adds a new claim for relief asserted by Plaintiff Mariana Nelson, individually, asserting that if California Insurance Code section 10144 is not applicable to the subject policy, Ms. Nelson's right to disability benefits beyond two months are still owed inasmuch as her disability is not caused by any mental illness or impairment and for other reasons described in this claim for relief.

*Id.* at 2-3.

On September 16, 2013, Defendants filed an opposition to the Motion for Leave to File a First Amended Complaint. (ECF No. 26). Defendants contend that Plaintiff "seeks leave to file the same class action claims based on the same legally flawed § 10144 theory." *Id.* at 6. Defendants contend:

> The conduct alleged in her Proposed Amended Complaint is exactly the same conduct that the Court held does not violate § 10144.... Because [Plaintiff] incorporates her invalid § 10144 theory into all claims of her Proposed Amended Complaint, [Plaintiff]'s Motion for Leave should be denied in its entirety with prejudice, and Defendants should be awarded their attorneys' fees and costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g).

*Id.*

On September 27, 2013, Plaintiffs filed a reply in support of the Motion for Leave to File a First Amended Complaint. (ECF No. 62).

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there

1  exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence
2  Capital*, 316 F.3d at 1052.

3  After review of the motion, the proposed first amended complaint and the filings
4  of the parties, the Court concludes that Defendants have not made a sufficiently strong
5  showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor
6  of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will
7  defer consideration of any challenge to the merits of the proposed first amended
8  complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212
9  F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of
10 challenges to the merits of a proposed amended pleading until after leave to amend is
11 granted and the amended pleading is filed.").

12 IT IS HEREBY ORDERED that the Motion for Leave to File a First Amended
13 Complaint is GRANTED. (ECF No. 24). Plaintiff shall file the proposed first amended
14 complaint attached to the motion within ten days of the date of this Order. Defendants'
15 request for attorneys' fees and costs is denied.

16 DATED: October 25, 2013

**WILLIAM Q. HAYES**
United States District Judge