# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA NELSON, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>STANDARD INSURANCE COMPANY, an Oregon company; COUNTRYWIDE FINANCIAL CORPORATION GROUP LONG TERM DISABILITY PLAN; COUNTRYWIDE FINANAICAL CORP., and DOES 1-50, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 13cv188-WQH-MDD<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"), filed by all Defendants. (ECF No. 34).

**I.  Background**

　　On January 23, 2013, Plaintiff Mariana Nelson initiated this action by filing a Complaint in this Court. (ECF No. 1).

　　**A.  Allegations of the Complaint**

　　Beginning in January 2004, Plaintiff was employed as a loan officer with Defendant Countrywide Financial Corp. *Id*. ¶¶ 1, 5. Plaintiff received long term

disability coverage under the Countrywide Financial Corporation Group Long Term Disability Plan, policy number 643382 ("Group Policy"), issued by Defendant Standard Insurance Company ("Standard"). *Id*. ¶¶ 1, 6. The Group Policy provides:

> DISABILITIES SUBJECT TO LIMITED PAY PERIODS
>
> A. Mental Disorders, Substance Abuse, and Other Limited Conditions.
>
> Payment of [long term disability ('LTD')] Benefits is limited to 24 months during your entire lifetime for a Disability caused or contributed to by any one or more of the following, or medical or surgical treatment of one or more of the following:
>
> 1. Mental Disorders;
>
> 2. Substance Abuse; or
>
> 3. Other Limited Conditions. ...
>
> Mental Disorder means any mental, emotional, behavioral, psychological, personality, cognitive, mood, or stress-related abnormality, disorder, disturbance, dysfunction or syndrome, regardless of cause (including any biological or biochemical disorder or imbalance of the brain) or the presence of physical symptoms. Mental Disorder includes, but is not limited to, bipolar affective disorder, organic brain syndrome, schizophrenia, psychotic illness, manic depressive illness, depression and depressive disorders, anxiety and anxiety disorders. ...
>
> Other Limited Conditions means chronic fatigue conditions..., any allergy or sensitivity to chemicals or the environment..., chronic pain conditions..., carpal tunnel or repetitive motion syndrome, temporomandibular joint disorder, or craniomandibular joint disorder.

*Id*. ¶ 8.

In April 2007, Plaintiff ceased working due to disability. *Id*. ¶ 9. Standard does not dispute Plaintiff's disability under the Group Policy. *Id*. On May 30, 2008, Plaintiff submitted a claim seeking long term disability benefits going back to April 2007. *Id*. ¶ 10. On July 10, 2008, Standard accepted the claim and paid Plaintiff disability benefits. *Id*. ¶ 11.

In January 2010, Standard informed Plaintiff that "LTD benefits have been terminated as of December 31, 2009 because [Plaintiff] no longer satisfies the Definition of Disability as stated in the Group Coverage." *Id*. ¶ 12. Plaintiff requested that Standard review the termination of benefits. *Id*. ¶ 14. On November 18, 2010, Plaintiff sent Standard a letter informing Standard that "she disagreed that her inability

to work stemmed from mental illness, but even if it did, Standard's practice of limiting her coverage to two years due to mental illness was discriminatory and contrary to California law." *Id.* ¶ 17.

On October 10, 2011, Standard issued its final decision, denying Plaintiff's long term disability claim after its administrative review unit evaluated the December 31, 2009 decision to close the claim. *Id.* ¶ 32. The basis of Standard's final denial was solely because "[t]he group policy limits the payment of LTD benefits to a maximum of 24 months, during your entire lifetime, for certain conditions..." and "[Plaintiff]'s diagnosis of Major Depression is considered to be a Mental Disorder and is subject to the 24 month maximum benefit period limitation." *Id.* Standard concluded, "[t]herefore, after 24 months we cannot consider [Plaintiff's] Major Depression or another mental disorder or another limited condition when determining whether [Plaintiff] is disabled, even if her Major Depression or other limited condition is still disabling." *Id.*

In the original Complaint, Plaintiff asserted the following causes of action: (1) Claim for Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) Claim for Equitable Relief pursuant to 29 U.S.C. § 1132(a)(3); (3) Breach of Fiduciary Duty pursuant to 29 U.S.C. §§ 1104(a)(1), 1132(a)(3); and (4) Declaratory Relief. Each of Plaintiff's four claims in the original Complaint arose from her contention that the Group Policy's provision entitled, "Disabilities Subject to Limited Pay Periods," is unenforceable because Standard has not complied with California Insurance Code section 10144.[1] *See* ECF No. 1 ¶¶ 53, 59, 67, 73. Plaintiff brought the action on behalf of herself and a putative class consisting of all California residents who are participants in a group plan

---

[1] Section 10144 provides:
No insurer issuing, providing, or administering any contract of individual or group insurance providing ... disability benefits ... shall refuse to insure, or refuse to continue to insure, or limit the amount, extent, or kind of coverage available to an individual, or charge a different rate for the same coverage solely because of a physical or mental impairment, except where the refusal, limitation or rate differential is based on sound actuarial principles or is related to actual and reasonably anticipated experience.
Cal. Ins. Code § 10144.

administered by Standard which contains the same "Disabilities Subject to Limited Pay Periods" provision as the one in the Group Policy. *Id.* ¶ 33.

### B.   Order on Motion to Dismiss

On July 17, 2013, the Court issued an order granting Defendants' Motion to Dismiss the original Complaint. (ECF No. 23). The Court found that Plaintiff failed to state a claim upon which relief may be granted because the Complaint "lack[ed] a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court stated:

> [T]he reasoning of *Monterastelli v. Standard Ins. Co.* [No. CV 12-1669 (AGRx), 2012 WL 8679843 (C.D. Cal. June 12, 2012)] and *Townsend v. Thomson Reuters Group Disability Income Ins. Plan* [867 F. Supp. 2d 1085 (C.D. Cal. 2012)] [is] persuasive. As the Court of Appeals for the Ninth Circuit stated in the context of a challenge to a similar disability policy provision under the Americans with Disabilities Act, '[i]nsurers have historically and consistently made distinctions between mental and physical illness in offering health and disability coverage.' *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1116 (9th Cir. 2000) (quotation omitted). '[H]ad Congress intended to control which coverages had to be offered by employers, it would have spoken more plainly because of the well-established marketing process to the contrary.' *Id.* Accepting all facts alleged in the Complaint as true, the Group Policy's provision entitled, 'Disabilities Subject to Limited Pay Periods,' does not violate California Insurance Code § 10144.

(ECF No. 23 at 9). The Court dismissed the original Complaint without prejudice.

### C.   First Amended Complaint

On October 31, 2013, Plaintiff filed the First Amended Complaint ("FAC"), which alleges five claims. (ECF No. 31). Claims 1-4 of the FAC re-alleges the theory underlying Claims 1-4 of the original Complaint that the Group Policy violates California Insurance Code § 10144. Claim 5 alleges an individual claim for benefits under 29 U.S.C. § 1132(a)(1)(B), "without regard to the potential applicability of the provisions of California Insurance Code Section 10144." (ECF No. 31 ¶ 97). Claim 5 alleges that the "proximate cause of her inability to work, is in fact, some form of Physical Disease or Injury and not any form of Mental Illness or depression, as defined by the Group Policy." *Id.* ¶ 101. Claim 5 alleges:

> Defendant repeatedly discounted the objective and documented evidence of physical injury, condition, or disease as causes of Plaintiff's inability

1
2
3
>to work and unreasonably attributed Plaintiff's mental impairments as the cause of her disability in order to apply the limitation of coverage for two years. Defendant failed to accept the overwhelming evidence that, but for the various sleep disorders, there is no evidence that any mental impairment or illness would prevent Plaintiff from working.

*Id.* ¶ 114. Claims 1-4 of the FAC are brought on behalf of Plaintiff and a putative class; Claim 5 is brought on behalf of Plaintiff only.

**D.     Motion to Dismiss**

On November 18, 2013, Defendants filed the Motion to Dismiss Plaintiff's FAC. (ECF No. 34).  Defendants contend:

>Nelson's entire Amended Complaint is founded on an interpretation of §10144 that is not legally viable and has been rejected by every court that has addressed the issue. Nelson fails to state individual and class action claims for payment of benefits under 29 U.S.C. §1132(a)(1)(B), and for breach of fiduciary duty and declaratory relief under 29 U.S.C. §1132(a)(3), based on her legally untenable insurance discrimination theory, warranting dismissal of the entire First Amended Complaint with prejudice.

(ECF No. 34-1 at 17).  Defendants request an award of attorney's fees pursuant to 29 U.S.C. § 1132(g).

On December 9, 2013, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 35). As to Claims 1-4, Plaintiff contends that the FAC pleads a violation of California Insurance Code § 10144. As to Claim 5, Plaintiff contends: "Defendants do not state any basis for dismissing the fifth count. [Plaintiff] pleads facts alleging a wrongful denial of coverage. [Plaintiff's] claim is not dependent on Defendants' violation of Section 10144 to succeed."  (ECF No. 35 at 29).

On December 17, 2013, Defendants filed a reply in support of the Motion to Dismiss.  (ECF No. 38).

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where

the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's "grounds" to relief must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### III. Discussion

#### A. Claims 1-4

Claims 1-4 of the FAC allege claims that are materially the same as the claims alleged in the original Complaint. To the extent the FAC contains new allegations that Defendants charged a "higher effective premium rate" (ECF No. 31 ¶¶ 36, 46), the Court finds that the FAC fails to plausibly allege that Defendants' charged "a discriminatory premium that ... would run afoul of section 10144." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). For the reasons stated in the Court's July 17, 2013 Order, the Motion to Dismiss Claims 1-4 of the FAC is granted. *See* ECF No. 23.

#### B. Claim 5

Claim 5 of the FAC expressly alleges a claim "without regard to the potential applicability of the provisions of California Insurance Code Section 10144." (ECF No. 31 ¶ 97). Defendants have failed to assert any appropriate basis for dismissing Claim 5 of the FAC. The Motion to Dismiss Claim 5 is denied.

### C. Attorney's Fees

Defendants request attorney's fees pursuant to 29 U.S.C. § 1132(g). Section 1132(g) provides that a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "In general, a court considering whether to award attorney's fees and costs under ERISA must consider five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees would deter others from breaching duties under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036, 1048 (9th Cir. 2001) (citations omitted). After considering the relevant factors, the Court declines to award attorney's fees to Defendants.

### IV. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Claims 1-4 of the FAC is GRANTED, and the Motion to Dismiss Claim 5 of the FAC is DENIED. (ECF No. 34).

DATED: February 20, 2014

**WILLIAM Q. HAYES**
United States District Judge