UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA NELSON, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br>  vs.<br>STANDARD INSURANCE COMPANY, an Oregon company; COUNTRYWIDE FINANCIAL CORPORATION GROUP LONG TERM DISABILITY PLAN; COUNTRYWIDE FINANCIAL CORP., and DOES 1-50, inclusive,<br>  Defendants. | CASE NO. 13cv188-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Judgment on the Pleadings on Count V of Plaintiff's First Amended Complaint ("Motion for Judgment on the Pleadings"), filed by Defendant Countrywide Financial Corporation Group Long Term Disability Plan. (ECF No. 56).

I.  **Background**

On January 23, 2013, Plaintiff initiated this action by filing a Complaint in this Court. (ECF No. 1). On July 17, 2013, the Court granted a motion to dismiss the Complaint filed by Defendants. (ECF No. 23). On October 31, 2014, Plaintiff filed a First Amended Complaint, which is the operative pleading. (ECF No. 31).

### A. Allegations of the First Amended Complaint

Beginning in January 2004, Plaintiff was employed as a loan officer with Defendant Countrywide Financial Corp. *Id.* ¶¶ 1, 4. Plaintiff received long term disability coverage under the Countrywide Financial Corporation Group Long Term Disability Plan, policy number 643382 ("Group Policy"), issued by Defendant Standard Insurance Company ("Standard"). *Id.* ¶¶ 1, 5. The Group Policy provides that "[p]ayment of [long term disability ('LTD')] Benefits is limited to 24 months during your entire lifetime for a Disability caused or contributed to by ... Mental Disorders." *Id.* ¶ 10.

In April 2007, Plaintiff ceased working due to disability. *Id.* ¶ 11. On May 30, 2008, Plaintiff submitted a claim seeking long term disability benefits going back to April 2007. *Id.* On July 10, 2008, Standard accepted the claim and paid Plaintiff disability benefits. *Id.* ¶ 12.

In January 2010, Standard informed Plaintiff that "LTD benefits have been terminated as of December 31, 2009 because [Plaintiff] no longer satisfies the Definition of Disability as stated in the Group Coverage." *Id.* ¶ 13. On June 10, 2010, Plaintiff requested that Standard review the termination of benefits. *Id.* ¶ 15. On October 10, 2011, Standard issued its final decision, denying Plaintiff's long term disability claim after its administrative review unit evaluated the December 31, 2009 decision to close the claim. *Id.* ¶ 34.

In the First Amended Complaint, Plaintiff asserts the following causes of action: (1) Class Action Claim for Benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); (2) Class Action Claim for Equitable Relief pursuant to ERISA, 29 U.S.C. § 1132(a)(3); (3) Class Action Breach of Fiduciary Duty pursuant to ERISA, 29 U.S.C. § 1104(a)(1); (4) Class Action Declaratory Relief; and (5) Individual Claim for Benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B).

### B. Motion for Judgment on the Pleadings

On February 21, 2014, the Court issued an order granting Defendants' motion to dismiss Counts 1-4 of the First Amended Complaint and denying the motion to dismiss Count 5 of the First Amended Complaint. (ECF No. 39).

On March 28, 2014, Defendant Countrywide Financial Corporation Group Long Term Disability Plan ("Defendant") filed an Answer to Count 5 of the First Amended Complaint. (ECF No. 43). Neither the Answer nor Defendant's two previous motions to dismiss referenced a defense that Plaintiff's Complaint or First Amended Complaint was untimely or barred by the limitations provision in the Group Policy.

On June 16, 2014, Defendant filed the Motion for Judgment on the Pleadings. (ECF No. 56). On July 7, 2014, Plaintiff filed an opposition. (ECF No. 59). On July 14, 2014, Defendant filed a reply. (ECF No. 60).

**II.  Discussion**

    **A.  Standard of Review**

Judgment on the pleadings is proper pursuant to Federal Rule of Civil Procedure 12(c) "when , accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted). "Analysis under Rule 12(c) is substantially identical to analysis under [Federal] Rule [of Civil Procedure] 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id*. (quotation omitted). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise

to an entitlement to relief." *Id.* at 679.

### B. Contentions of the Parties

Defendant contends that Plaintiff's claim for benefits in Count 5 of the First Amended Complaint is time-barred by the terms of the Group Policy. Defendant contends that the Group Policy's provision for Time Limits on Legal Actions establishes a three-year limitations period beyond which Plaintiff was barred from filing suit. Defendant contends that the three-year limitations period commenced on May 30, 2008, when Plaintiff alleges she submitted a Proof of Loss under the Group Policy, and expired on May 30, 2011. Defendant contends that the Complaint, filed on January 23, 2013, and the First Amended Complaint, filed on October 31, 2014, are untimely. Defendant relies upon *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 134 S. Ct. 604 (2013), wherein the Supreme Court held that "a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Id.* at 610. In so holding, the Supreme Court abrogated *Price v. Provident Life & Accident Insurance Co.*, 2 F.3d 986 (9th Cir. 1993), which held that a plan provision requiring suit within three years after proof-of-loss deadline is not enforceable. *See Heimeshoff*, 134 S. Ct. at 610. Defendant contends that Plaintiff is not entitled to equitable tolling of the contractual limitations period because Plaintiff failed to diligently pursue her claims. Defendant requests judgment on the pleadings and an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g). Alternatively, "[i]f the Court determines that the contractual limitation defense should ... be included in the [Defendant]'s Answer," Defendant requests leave to amend the Answer pursuant to Federal Rule of Civil Procedure 15. (ECF No. 60 at 8).

Plaintiff contends that Defendant has waived any right to assert any limitations defense because the defense was not raised in either motion to dismiss or the Answer. Plaintiff contends that she complied with the Group Policy's contractual limitations provision because the three-year limitations period began to run in March of 2011 when

Plaintiff submitted her final "Proof of Loss" related to the claim at issue. Plaintiff contends that the contractual provision as interpreted by Defendant is unenforceable because the time for filing suit expired five months before Defendant issued its final decision denying Plaintiff's claim. Plaintiff contends that, as of May 30, 2011 (the date Defendant contends that the limitations period expired), Plaintiff's cause of action had not yet accrued under binding Ninth Circuit authority. Plaintiff contends that Defendant should be barred from raising the contractual limitations defense by the doctrines of waiver and estoppel based upon Defendant's failure to cite the limitations provision in its correspondence to Plaintiff. Plaintiff contends that the contractual limitations period should be tolled based upon California law. In the event the motion is granted, Plaintiff "requests leave to amend the [First Amended Complaint] to present facts sufficient to negate Defendant's statute-of-limitations defense.... This may also require the re-inclusion of other defendants whose presence in the litigation was no longer thought necessary." (ECF No. 59 at 29).

### C. Waiver

Plaintiff contends that Defendant waived the right to assert any defense based upon the contractual limitations provision because Defendant did not raise the defense in the motions to dismiss or the Answer.

The Court of Appeals for the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings. A defendant may thus raise an affirmative defense for the first time in a motion for judgment on the pleadings, but only if the delay does not prejudice the plaintiff." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotations omitted). The Ninth Circuit has held that there is no prejudice to a plaintiff where the belatedly-raised defense was dispositive of the claim as of the filing of the complaint. *See id.* ("Appellants may not demonstrate prejudice based solely on the untimely assertion of res judicata because this affirmative defense would have been dispositive had Kaiser asserted it when the action was filed.") (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824,

1  826 (9th Cir. 1979) (holding that plaintiff was not prejudiced by assertion of statute of
2  limitations defense in amended answer because the defense would have been "effective
3  at the outset of [plaintiff's] suit")).
4        The Court finds that Plaintiff has failed to demonstrate prejudice due to
5  Defendant's assertion of the contractual limitations defense for the first time in the
6  Motion for Judgment on the Pleadings.
7        **D.**    **Contractual Limitations Provision**
8        "[C]ontractual limitations provisions [in ERISA plans] ordinarily should be
9  enforced as written," unless a court "determine[s] either that the period is unreasonably
10 short, or that a controlling statute prevents the limitations provision from taking effect."
11 *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, --- U.S. ----, 134 S. Ct. 604, 612 (2013)
12 (quotation omitted). In *Heimeshoff*, the Supreme Court enforced a three-year
13 contractual limitations provision that began to run at the time proof of loss was due,
14 despite the fact that the plaintiff's cause of action under ERISA had not accrued at the
15 time the limitations provision began to run. *See id.* at 610 ("Absent a controlling statute
16 to the contrary, a participant and a plan may agree by contract to a particular limitations
17 period, even one that starts to run before the cause of action accrues, as long as the
18 period is reasonable."). The Court held that there was no controlling statute which
19 prevented application of the three-year limitations provision, and the provision was not
20 tolled during internal administrative review. The Court stated that, "in the rare cases
21 where internal review prevents participants from bringing [ERISA] actions within the
22 contractual period, courts are well equipped to apply traditional doctrines that may
23 nevertheless allow participants to proceed. If the administrator's conduct causes a
24 participant to miss the deadline for judicial review, waiver or estoppel may prevent the
25 administrator from invoking the limitations provision as a defense. To the extent the
26 participant has diligently pursued both internal review and judicial review but was
27 prevented from filing suit by extraordinary circumstances, equitable tolling may apply."
28 *Id.* at 615 (citations omitted).

The Group Policy contains the following provision entitled, "Time Limits on Legal Actions":

> No action at law or in equity may be brought until 60 days after you have given us Proof Of Loss. No such action may be brought more than three years after the earlier of:
>
> 1. The date we receive Proof Of Loss; and
>
> 2. The time within which Proof Of Loss is required to be given.

(ECF No. 56-2 at 32).[1] The Group Policy states: "You must give us Proof Of Loss within 90 days after the end of the Benefit Waiting Period. If you cannot do so, you must give it to us as soon as reasonably possible, but not later than one year after that 90-day period.... Proof Of Loss means written proof that you are Disabled and entitled to LTD Benefits." *Id.* at 30-31. The Group Policy defines the "Benefit Waiting Period" as "the period you must be continuously Disabled before LTD Benefits become payable," which is listed in the Group Policy as 180 days. *Id.* at 13, 34.

Defendant contends that the First Amended Complaint "alleges that [Plaintiff] provided her Proof of Loss on May 30, 2008," and the "contractual time limits expired three years later on May 30, 2011." (ECF No. 56-1 at 13 (citing ECF No. 31 ¶ 11)). The cited paragraph of the First Amended Complaint states: "On May 30, 2008, Ms. Nelson submitted a claim for long term disability benefits, seeking benefits going back to April 2007." (ECF No. 31 ¶ 11). The First Amended Complaint does not use the phrase, "Proof of Loss," and the cited paragraph does not allege that, on May 30, 2008, Plaintiff submitted "written proof that [Plaintiff was] Disabled and entitled to LTD Benefits." (Group Policy at 19, ECF No. 56-2 at 30). The First Amended Complaint alleges two dates on which Plaintiff submitted documentation in support of Plaintiff's claim that she was disabled, November 18, 2010 and March 7, 2011. (ECF No. 31 ¶¶ 18, 30). Based upon the allegations of the First Amended Complaint, the Court cannot

---

[1] The unopposed request for judicial notice of the Group Policy is granted. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (holding that a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (quotation omitted).

determine the date on which the contractual time limitation was triggered under the Plan. *Cf. Mogck v. Unum Life Ins. Co. of Am.*, 292 F.3d 1025, 1029 (9th Cir. 2002) ("[I]n order to determine when the contractual limitation period began, we must first determine when [defendant] asked [plaintiff] for a 'request for the proof,' or a 'proof of claim.' ... [B]ecause [defendant] drafted certain terms [in the policy] regarding the time limits on legal actions, but did not utilize those terms at all in its correspondence with [plaintiff], the policy's time limitation provision was never rendered operative.").

Even if the Court could determine as a matter of law from the First Amended Complaint that the contractual limitation period began on May 30, 2008, in order to grant judgment on the pleadings in favor of Defendant, the Court would be required to find that the contractual limitations period is not unreasonably short. *See Heimeshoff*, 134 S. Ct. at 612 ("We must give effect to the Plan's limitations provision unless we determine ... that the period is unreasonably short...."). A limitations provision is unreasonably short where it "leav[es] [a] claimant[] with little chance of bringing a claim *not* barred." *Id*. Plaintiff contends that, based upon the facts alleged, Plaintiff's cause of action had not accrued as of May 30, 2011, the date Defendant contends the limitations period expired. Defendant contends that Plaintiff's cause of action accrued on February 16, 2011, "with more than three months remaining before the contractual Time Limits expired on May 30, 2011." (ECF No. 56-1 at 15).

The First Amended Complaint alleges that, on February 15, 2011, Defendant wrote Plaintiff and "required the reasoned award from a Social Security Disability Claim in order to finalize its decision, and extended [Defendant]'s written decision upon completion of review for another 30 days to Mach 16, 2011." (ECF No. 31 ¶ 29). The First Amended Complaint alleges that Plaintiff provided the reasoned award from the Social Security Administration on March 7, 2011, and Defendant next corresponded with Plaintiff on September 28, 2011, when Defendant apologized for the delay and indicated that a decision would be sent no later than October 10, 2011. *Id*. ¶ 33. The First Amended Complaint alleges that Defendant issued its "final decision" denying

Plaintiff's disability claim on October 10, 2011. *Id.* ¶ 34.

Even if, as Defendant contends, Plaintiff's cause of action accrued on February 16, 2011,[2] Defendant cites no legal authority holding that a period of approximately 100 days (i.e., from February 16, 2011 to May 30, 2011) constitutes a reasonable period in which to file suit in a case such as this one, where the plan administrator had not issued a final decision prior to the expiration of the limitations period. A "protracted review process," such as what is alleged in this case, may "render [a limitations] provision unreasonable." *Hansen v. Aetna Health & Life Ins. Co.*, No. CIV. 98-949-HA, 1999 WL 1074078, at *4 (D. Or. Nov. 4, 1999) ("Defendants propose that this court construe the imposition of a [contractual] two-year suit limitation period against plaintiff as reasonable, despite the fact that Aetna's internal review process of plaintiff's claims has consumed that entire period.... Enforcement of a two-year suit limitation in this case, after plaintiff has diligently pursued her appeals rights in a protracted internal review process, would render that provision unreasonable in practical terms."). At this stage in the proceedings, the Court cannot determine that Plaintiff's cause of action accrued a reasonable time prior to May 30, 2011, the date on which Defendant contends that the contractual limitations period expired.

Even if 100 days constitutes a reasonable period in a case such as this, the Court would be required to consider extrinsic evidence to evaluate Plaintiff's claim that equitable estoppel prevents assertion of the contractual limitations provision by Defendant, which is not permitted at this stage in the proceedings. *See* Fed. R. Civ. P. 12(d); *cf. LaMantia v. Voluntary Plan Administrators, Inc.*, 401 F.3d 1114, 1119 (9th Cir. 2005) ("[A] defendant will be estopped from setting up a statute-of-limitations defense when its own prior representations or conduct have caused the plaintiff to run

---

[2] *But see Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010) ("[A]n ERISA claim accrues either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied. A claimant has a reason to know under the second prong of our accrual test when the plan communicates a clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his or her benefits had been finally denied.") (quotation omitted).

1  afoul of the statute and it is equitable to hold the defendant responsible for that result.
2  Estoppel may apply not only against a party asserting a statute of limitations defense,
3  but also against a party asserting a contractual limitations defense based on a specified
4  time period in an ERISA disability plan.") (quotation omitted).

5       The Motion for Judgment on the Pleadings is denied. Defendant's request for
6  attorneys' fees is denied. Any request by either party to amend a pleading must be
7  made by noticed motion. *See* S.D. Cal. L.R. 7.1; *see also* Fed. R. Civ. P. 15.

8  **III.  Conclusion**

9       IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings is
10  DENIED. (ECF No. 56).

11  DATED: August 26, 2014

                                             **WILLIAM Q. HAYES**
                                             United States District Judge